**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

ANGELA MATEUS

     Plaintiff,

vs.

SUN LIFE ASSURANCE COMPANY OF CANADA

     Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Angela Mateus, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

### PARTIES

1. Plaintiff, Angela Mateus, is a natural person and citizen of the State of Colorado, with a current address of P.O. Box 17506, Golden, Colorado 80402.

2. Defendant Sun Life Assurance Company of Canada ("Defendant Sun Life") is a foreign nonprofit corporation and/or similar business entity which regularly conducts business in the State of Colorado. The Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Suite 110, Denver, Colorado 80202. Upon information and belief, Defendant is a citizen of the State of Pennsylvania, where it is incorporated and/or headquartered.

.

**JURISDICTION AND VENUE**

3.      At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of Gaia International, Inc. ("Gaia"). The Plan, which provides short-term disability ("STD") and long-term disability benefits ("LTD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* ("ERISA"). Upon information and belief, the plan has delegated to Sun Life its obligation to make all benefit decisions at issue in this claim.

4.      At all pertinent times Plaintiff was a full-time employee of Gaia and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5.      Thus, and at all pertinent times, and by virtue of said employment and status, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for STD subject to the terms and conditions of the insurance policy issued by Defendant Sun Life to cover the Plan, and/or the other Plan documents.

**JURISDICTION AND VENUE**

6.      Pursuant to 28 U.S.C. §1391, and/or Federal law (and specifically 29 U.S.C. §1132(e)(2)), venue is proper in this Court wherein Plaintiff resides, Defendant regularly conducts business and where Defendant's registered agent can be found.

**STATEMENT OF THE FACTS**

7.      At all pertinent times, Plaintiff was employed by Gaia as the head of creative services, and was an active, full-time employee. She therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

2

8.      Beginning in or around May 2024, Plaintiff began to experience multiple health issues, which included but is not limited to major depressive disorder, moderate and recurrent, anxiety and post-traumatic stress disorder.

9.      These medical conditions prohibited Plaintiff at all relevant times from continuing to perform the requirements of her job at Gaia on a regular, full-time and consistent basis, as well as from any other similar job for which she is reasonably qualified, due to her symptoms.

10.     As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the Plan, through Sun Life, for STD benefits.

11.     Defendant denied Plaintiff's claim for STD by letter dated May 22, 2024, claiming her disability was work related.

12.     Plaintiff therefore submitted a claim for workers' compensation benefits, which was denied as her disability was not work-related.

13.     Defendant refused to alter its decision.

14.     Thereafter, Plaintiff timely submitted the various formal appeals required by the Plan document and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim, including reports from her treating physician. This included that her claim for disability leave under the Colorado Family Leave program was approved based on the same medical issues.

15.     Defendant did not alter its decision and denied the appeal on December 11, 2024.

16.     During the appeal, Defendant conducted an independent medical record review.

3

17. The reviewer concluded Plaintiff's disability was not due to her work activities and was not work-related.

18. Defendant ignored the findings and conclusion of its own hand-picked medical reviewer.

19. Defendant's determination was arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation. This includes, without limitation, her inability to work forty (40) hours per week on a regular and consistent basis during the pertinent time frame, and that her disability is not work-related.

20. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

21. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for STD benefits, as set forth above.

22. At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

23. At all pertinent times, Plaintiff met the criteria for STD under the Plan because she was unable to perform the functions of her own and/or any other comparable occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

24. Upon information and belief, Defendant Sun Life also insures the Plan.

4

25.    Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

26.    Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

27.    Defendant's wrongful conduct includes, but is not limited to:

A.    Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and other similar evidence;

B.    Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

C.    Failing to act in Plaintiff's best interests;

D.    Failing to consider credible evidence of functional impairment;

E.    Failing to reasonably interpret and apply the terms of the Plan;

F.    Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of STD;

G.    Failing to conduct a reasonable investigation;

H.    Ignoring the findings of its own medical review; and

I.    Ignoring the findings of the workers' compensation insurer that Plaintiff's disability is not work related.

28.    Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## DAMAGES

29.     The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of STD.  Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A.     A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return Plaintiff to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of STD insurance premiums otherwise covered by the policy;

C.     Retroactive reinstatement of Plaintiff's benefits and payment of all back due STD and/or any other benefits pursuant to ERISA §502(a)(1)(b);

D.     Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.     Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F.      Such other and further relief as this Court deems just and appropriate.

Dated this 18th day of December, 2024.

                                                Respectfully submitted,

                                                SILVERN & BULGER, P.C.


                                                *s/Thomas A. Bulger, Esq.*
                                                Thomas A. Bulger, Esq.
                                                Counsel for Plaintiff
                                                363 South Harlan Street, Suite 205
                                                Lakewood, Colorado 80226
                                                (303) 292-0044
                                                Facsimile (303) 292-1466
                                                counsel@silvernbulger.com

**Plaintiff's address**

P.O. Box 17506
Golden, Colorado 80402